Statement of the Case.
MONROE, J.
The facts of this case, as ■disclosed by the petition of the relator, the return made by the judges of the Court of Appeal, and the record which accompanies the return, are as follows:
Relator obtained judgment against the defendant Stock in the civil district court for the parish of Orleans, for $1,210; the judgment being signed on January 5, 1909. On ■January 15th defendant obtained an order granting him an appeal, suspensive, on his furnishing bond as required by law, devolutive, on his furnishing bond in tbe sum of $100. On January 21st relator moved to dismiss tbe (suspensive) appeal, on the ground that defendant had “failed to furnish a proper appeal bond, with good and sufficient surety,” and on January 25tb he ruled defendant to show cause why the amount of the bond given for tbe devolutive appeal •should not be increased, or, in default thereof, why said devolutive appeal should not be dismissed. On February 12th the court gave judgment, making absolute the rule taken January 21st and dismissing the suspensive appeal, and also gave judgment dismissing the rule taken on January 25th and refusing to order an increase in the amount of the bond given for the devolutive appeal, upon the ground, as relator alleges, that it was without jurisdiction to make the order prayed for. The judgment first mentioned was signed on February 26th. Whether the other was signed, and, if so, when, does not appear. In the meanwhile, to wit, on January 22d, the transcript was lodged in the Court of Appeal, and the case was set down for argument in that court for March 26th, from which day it was continued, as the first case on the docket, to April 6th, when, upon its being called, and it appearing that appellant through his counsel, was ready to proceed with the argument, relator, through his counsel, applied for a writ of mandamus to the judge a quo directing him to order an increase in the amount of the bond given for tbe devolutive appeal, and also asked, as we understand - the matter, that further proceedings in the Court of Appeal be stayed until the mandamus shqnld be complied with. The court, at first, made an order for an alternative writ of mandamus, but, upon learning more of the situation, canceled the order so made and decided that the hearing of the case should be proceeded with. Counsel for appellee (relator herein) thereupon appealed to the court and to the counsel for the appellant for further time, in order to enable him to prepare his argument, and the case was continued to April 19th for the reason stated. Thereafter, on, say, April 16th, counsel for relator gave notice to the court, and to the appellee, of his intention to apply to this court for. relief, and on April 19th he made the application which we are now called on to consider, and in which, after making a statement of the facts and of his view of the law, he prays:
*33 “That a writ of prohibition, issue herein, restraining and prohibiting said honorable Court of Appeal from proceeding to hear the merits of said case, and, * * * in the alternative, and in the event only, that this honorable court should hold that defendant Stock is entitled to his devolutive appeal, that the hearing thereof by the Court of Appeal be suspended until a good and sufficient bond, to cover costs in both courts, be furnished by Stock.”
The respondent judges say, inter alia:
“That from February 26th [the date of the signing of the judgment dismissing the suspensive appeal] to April 6th the said applicant made no complaint, of any kind or character, and that counsel for appellant appeared in the Court of Appeal on the said day and date to try said cause. The respondents aver that on April 6th the present applicant applied for a writ in the said Court of Appeal to compel the district judge to increase the bond of $100; that the object and purpose of said applicant appeared to the court, considering the long delay in taking action, as an attempt to retard the trial, and hence they refused the writ and ordered counsel to proceed with the said trial; that counsel for the said applicant then pleaded with the court and with counsel for appellant for more time in which to prepare himself for the argument of the said cause, and at this time did not announce any intention to apply to your honors for relief. The respondents granted the continuance, and on April 16th, only three days prior to the last fixing of the case in this court, were notified of the intention to apply to your honors for a writ. The respondents further aver that, should this application be granted, it would be a difficult task to maintain the discipline of their court and maintain a speedy trial, and such application should be denied. Our conception of the rule is that applications for writs like the one applied for in this case should be made within a reasonable time, and that any other view would cause delays in litigation, to the detriment of the speedy administration of justice.”
Opinion.
Relator, by bis proceedings in the district court and in the Court of Appeal, in effect, conceded that defendant was entitled to a suspensive appeal, provided the bond given was such as the law required, or, in the alternative, and in the event that the bond should not meet the requirement of the law, that he would be entitled to a devolutive appeal, provided the bond given for an appeal of that character was, in legal contemplation, sufficient. The suspensive appeal was successfully attacked on the ground that the surety was not good, and the appellee (relator herein) having, at the same time, ruled the appellant to show cause why the amount of the bond given for the devolutive appeal should not be increased, his rule was dismissed. The appeal had, in the meantime, been lodged in the Court of Appeal, supported by a bond, for devolutive appeal, in an amount fixed by the trial judge, and the appellee had. in the meanwhile, upon the dismissal of the' suspensive appeal, obtained an order for the execution of his judgment. More than a month later, upon the second fixing of the case for argument, in the Court of Appeal, the appellee asked, not for the dismissal of the devolutive appeal (on the ground that no right to such appeal existed or that such right had been abandoned), but for a writ of mandamus, directing the trial judge to order that the amount of the bond given for such appeal be increased, and, upon the refusal of the court to issue the mandamus, his counsel asked for delay in order to prepare his argument. Instead, however, of preparing his argument, relator’s counsel appears to have waited until the day to which, at his request, the case had been continued, and then to have made his application to this court, not to review the judgment of the Court of Appeal denying his application for the mandamus, or to review the judgment of the district court refusing to order an increase in the amount of the devolutive appeal bond given by defendant, but to prohibit the Court of Appeal from proceeding to hear the case at all, or, in the alternative, from hearing it until a good and sufficient bond be furnished. It is clear that no such relief as that prayed for can properly be granted by this court, for, if the judge of the district court erred in refusing to order the bond given for the devolutive appeal to be increased, the remedy of the re *35 lator should have been sought (and was sought) in the Court of Appeal, since that court is vested with jurisdiction in all matters relating to appeals returnable to it; and, if the Court of Appeal erred in denying the remedy prayed for, relator should have applied to this court for a review of its judgment. As the matter stands, relator has undertaken to ignore the judgment of the Court of Appeal (which, in effect, holds that he has lost his remedy for the review of the judgment of the .district court), and, without asking that it be reviewed or set aside, prays that this court prohibit the Court of Appeal from proceeding, in the exercise of its jurisdiction, to hear and determine a case which it holds to be properly before it.
Apart from that, however, we are of opinion that, ■ when the case was called in the Court of Appeal, on April 6th, more than a month after the district court had refused to order an increase in the amount of the devolutive appeal bond, and it appeared that the appellee had taken no steps to have that ruling reviewed, the Court of Appeal properly ordered the argument to be proceeded with, and properly refused to issue the mandamus for which the appellee applied, since the reasonable delay within which such steps might have been taken had expired; and we are further of opinion that the situation was not changed, in the respect mentioned, by the fact that the court, in the exercise of its discretion, granted to the appellee’s counsel a delay to enable him to prepare his argument upon the merits of the case, since, having by his laches, lost his right to have the judgment of the district court reviewed, he did not, by the granting of such delay, for the purpose stated, reacquire that right.
It is therefore ordered, adjudged, and decreed that the preliminary order heretofore made be rescinded, that relator’s application be denied, and that this proceeding be dismissed at his cost.